UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,
            Plaintiff

                                        4:24-cr-40019

vs.

                                        MEMORANDUM OPINION AND
                                        ORDER DENYING MOTION TO
                                        TRANSFER CASE TO
TERRION ECHOLS,                         JUVENILE COURT
            Defendant

---

Pending before the Court is Defendant's motion for transfer to juvenile

court. (Doc. 27, 34). The Government resists the motion. (Doc. 39). The Court

held an evidentiary hearing on the motion on September 16, 2024. For the

following reasons the motion is denied.

## BACKGROUND

Defendant has been indicted on a charge of transportation of child

pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1).

Defendant is alleged to have transported child pornography by uploading graphic

images and video files depicting one or more minors engaging in sexually explicit

conduct between September 5, 2023, and December 11, 2023. The Government's

allegation is that Defendant added a folder to his Dropbox account and copied most

1

of the files from his existing folder into the new one at that time. Both folders were located in his existing account. Defendant was nineteen at the time.

Defendant testified at the evidentiary hearing and denied both the charge and that he created the Dropbox file in 2019. On his behalf, Defense Counsel has moved to transfer the case to juvenile court, asserting Defendant was a juvenile when the Dropbox account was created and when the original folder was added to it in 2019. Substantively, Defendant argues copying the folder in 2023 does not constitute a violation of the statutes charged. With respect to Defendant's juvenile status, Defense Counsel asserts that all actions to create the folder occurred when Defendant was a juvenile, and therefore, he cannot be prosecuted as an adult.

**LEGAL STANDARD**

The Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5037, provides certain protections for an individual who is under the age of eighteen and commits an act that would be a crime if committed by an adult. A juvenile cannot be proceeded against in federal court unless the Attorney General follows the certification process set forth at 18 U.S.C. § 5032. *United States v. Ceja-Prado*, 333 F. 3d 1046, 1048 (9th Cir. 2003). The procedures are jurisdictional. *Id.* Accord *United States v. Wong*, 40 F.3d 1347, 1363 (2d Cir. 1994); *United States v. Jones*, 2023 WL 4684664, *3 (D. Conn. July 21, 2023). For purposes of disposition, a defendant

may invoke the protections of the Act if he or she has not yet reached the age of 21. 18 U.S.C. § 5031.

An indictment "fair upon its face" and returned by a properly constituted grand jury "conclusively determines the existence of probable cause" to believe the defendant committed the offense. *Kaley v United States*, 571 U.S. 320, 328 (2014) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975)). This applies to all of the allegations in the charge. *Id.* An individual may lodge a challenge by coming forward with supporting evidence, such as evidence of juvenile status. See, e.g., *United States v. C.L.T.*, 207 F.Supp.3d 1054, 1057 (D.S.D. 2016). Once the defendant does so, the government must rebut that evidence by a preponderance. *Id.* (citing authority and discussing burden shifting framework). See also *United States v. Alvarez-Porras,* 643 F.2d 54, 67 (2d Cir. 1981) (holding that age is not an element of drug offense and burden may be placed on defendant to come forward with evidence of juvenile status); *United States v. Salgado-Ocampo*, 50 F.Supp.2d 908, 909 (D. Minn. 1999) (to prove defendant's age at time of offense, Government must make prima facie showing, defendant can come forward with evidence of age, and Government has the opportunity to offer rebuttal).

A court presumes the allegations in an indictment are true for purposes of ruling on a motion to dismiss based on the Juvenile Delinquency Act. *United States v. Mendez*, 28 F.4th 1320, 1323-24 (9th Cir. 2022). As a general rule, an

individual may be charged as an adult for conduct that spans juvenile and adult status, such as a conspiracy. *Id.* See also *United States v. McClaren*, 13 F.4th 386, 408 (5th Cir. 2021) (for prosecution as an adult, a defendant who commits certain acts as part of a conspiracy as a juvenile, must ratify involvement in the conspiracy after becoming an adult).

In the evidentiary hearing before the Court on September 16, 2024, the Defendant raised the issue of what conduct amounts to "transportation" of child pornography. Defense Counsel's aim in doing so was to argue that if the alleged 2023 conduct did not constitute transportation, the only remaining course for the Government would be to prosecute Defendant for the 2015 actions of allegedly creating the folder. Defendant was fifteen years old at that time. Defense Counsel cited to *United States v. Clarke* as authority for a working definition of the term "transportation." 979 F.3d 82 (2d Cir. 2020). The Court agrees this is helpful authority. In *Clarke*, the defendant downloaded files into a peer-to-peer file-sharing network in a folder that could have been accessed by others. *Id.* at 86-87 (citing description of such a network in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 919-20 (2005)). As Counsel suggested, the court's discussion of transportation as encompassing use of a file-sharing network, downloading material, and making files accessible to outsiders is useful in interpreting the term in the instant context. These concepts address the merits of

4

the charges Defendant is facing, however, and do not alone resolve the issue before the Court. Furthermore, in discussing the proffered authority on the merits of the case and acknowledging that it is helpful to an understanding of the issues, the Court makes no judgment on the merits and reaffirms that the presumption of innocence applies to Defendant.

**ANALYSIS**

Based on the testimony and arguments presented at the September 16, 2024, hearing and the briefs submitted by the parties, the Court summarizes the evidence as follows. The Government has charged the Defendant with transportation of child pornography between September 5, 2023, and December 11, 2023. At the time, Defendant was nineteen and then turned twenty years old. The alleged transportation appears to have occurred when Defendant copied a folder in his Dropbox account into a new folder in that account. The folders contain child pornography which was initially placed into the original folder several years ago when Defendant was a juvenile. The Government has not pursued charges that are based on the creation of the original folder.

The Defendant argues that the creation of the original folder, which Defendant denies doing, occurred in 2015 when Defendant was fifteen years old. (Doc. 34, PgID 206). The defense further argues that making a copy of an existing folder by the person who originally made it, and keeping it in the same Dropbox

account, does not amount to transportation by means of a facility of interstate commerce or affecting interstate commerce. Defense Counsel analogizes to a person with a file box who copies a paper file in the box and returns both the original and copy to the box. Therefore, in the defense's view, there was only one action involving alleged transportation, and this occurred when the original folder was created and placed in the Dropbox account when Defendant was a juvenile. As such, Defendant argues, his case must be transferred and handled pursuant to the Juvenile Delinquency Act.

The Defendant has properly raised the issue of whether he was a juvenile when any actions relating to the creation of a folder containing child pornography and placement into a Dropbox account were taken. The Court finds that the burden of proof for the Government with respect to Defendant's status as an adult is the preponderance standard, not beyond a reasonable doubt as Defendant argues.

The Court recognizes that the merits of the case are intertwined with the Defendant's status as an adult or juvenile, such that if the actions in copying the file in 2023 do not amount to transportation, Defendant would be found not guilty. The same is true if Defendant is determined not to have uploaded the files. At this stage of the proceeding, however, the merits need not be addressed in further detail.

The Court finds that Defendant was properly indicted, meaning there is probable cause to establish all that was charged in the indictment. (Doc. 1). That includes the alleged transportation in 2023 when Defendant was an adult. Defendant properly challenged whether his case should be in adult court, but based on the allegations in the indictment, the evidence at the hearing, and the arguments of counsel, the Court finds the Government has proved by a preponderance that Defendant was an adult at the time the folder in question was copied in 2023. Therefore, Defendant's motion to transfer his case to juvenile court is denied.

Accordingly, IT IS ORDERED that Defendant's motion to transfer case to juvenile court, (Doc. 27), is denied.

Dated this **19** day of September, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

7