UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,
      Plaintiff

4:24-cr-40019

vs.

MEMORANDUM
AND ORDER

TERRION ECHOLS,
      Defendant

---

Pending before the Court is Defendant's objection, Doc. 55, to the Report and Recommendation filed by Magistrate Judge Duffy, Doc 47. Defendant requests de novo review of the denial of his motion to suppress. For the following reasons the Court adopts the Report and Recommendation in part and denies the motion to suppress.

## BACKGROUND

Defendant has been charged with knowingly transporting an image of child pornography using a means and facility of interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1). (Doc. 1). The charge arose as the result of an investigation initiated when law enforcement received two CyberTips from the National Center for Missing and Exploited Children (NCMEC). The tips were

1

submitted by Dropbox, Inc., in connection with an account associated with the

email address deandreechols08@gmail.com.

Defendant challenged the probable cause for warrants that were issued to

search the Dropbox and Gmail accounts associated with that address, as well as

Defendant's apartment, person, cell phone, and Chromebook. (Doc. 29).

Defendant alleged the warrants were invalid under *Franks v. Delaware,* 438 U.S.

154, 164 (1978). He argued that the investigating officer made omissions or false

statements knowingly or intentionally in applying for the warrants, and that

probable cause was lacking as a result. The Defendant contended that the officer's

assessment that the male in several photographs was 14 or 15 years old was

without foundation, and that he made a material omission when he neglected to

include information that an earlier tip from Wisconsin implicating Defendant

indicated he was age 14 at the time and the recipient of the material was 35 years

old. (Doc. 30).

The Magistrate Judge determined that a *Franks* hearing was warranted, and

held the hearing on September 6, 2024. The Court has reviewed the transcript of

the hearing that was filed as Doc. 46. Special Agent Lautner testified that he was

the investigating officer, reviewed the material in the tips, and applied for the

warrants. (Doc. 46, PgID 432-41). He testified that the photos he viewed depicted

a nude male with an erect penis who was 14 or 15 years old. (Id., PgID 444-48).

2

The agent admitted he could not tell for certain what the person's age was. (Id., PgID 444, 459-62). He also acknowledged he was aware the person in the Wisconsin tip was identified as 14 years old and he did not include that detail in the affidavit for warrant. (Id., PgID 470-72, 475).

The Magistrate denied the motion to suppress. She reasoned that the photographs that supported probable cause were not required to be produced to the judge issuing the warrant, and that the officer was permitted to provide a description of the contents of the photos to the judge. (Doc. 47, PgID 496). She reviewed the descriptions that were provided, (Doc. 43), and concluded the details were sufficient to enable the judge to decide there was probable cause for the searches without reviewing the photos. She also determined the agent's omission of the information about Defendant's age in connection with the Wisconsin tip was not a material omission, given that a 14-year-old could be convicted of producing and distributing child pornography. (Id., PgID 500). The Magistrate concluded that the omission was not material and that the information in the tip was not false. (Id., PgID 501). Given her conclusions about the estimate of the age of the individual in the photos and Wisconsin tip, she concluded there was neither false information nor a material omission under *Franks* that warranted suppression of the evidence. The Court notes that the photos the Agent received were introduced

3

at the hearing as Exhibits 2-5, 7 and the Magistrate Judge had the opportunity to review them.  (Doc. 42).

## LEGAL STANDARD

### Review of Report and Recommendations

Pursuant to 28 U.S.C. § 636(b)(1), a party may object to the Magistrate's recommendations and in response, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After review, the judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* See generally, *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir. 1996).

De novo review is non-deferential, meaning "the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).  The court cannot conduct de novo review unless it "reviews either the transcript or a tape recording of the hearing before the magistrate." *Taylor v. Farrier,* 910 F.2d 518, 520 (8th Cir. 1990).

### Hearing pursuant to *Franks v. Delaware*

In *Franks,* the Supreme Court recognized that in certain cases involving a search warrant, a defendant should be permitted "to challenge the truthfulness of

4

factual statements made in an affidavit supporting the warrant." 438 U.S. at 155-56. The Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," a hearing must be held if the defendant so requests. *Id.* At the hearing the judge must determine whether, by a preponderance, the defendant establishes "perjury or reckless disregard." *Id.* If so, the judge must set aside the false material, and if "the remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156.

The "defendant must make 'a substantial preliminary showing' that an affidavit contains an intentional or reckless false statement or omission necessary to the probable cause finding." *United States v. Bradley*, 924 F.3d 476, 481 (8th Cir. 2019) (quoting *United States v. Charles*, 895 F.3d 560, 564 (8th Cir. 2018)). See also *United States v. Mazzulla*, 932 F. 3d 1091, 1099 (8th Cir. 2019); *United States v. Brackett*, 846 F. 3d 987, 993 (8th Cir. 2017). There is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171.

As the Eighth Circuit has stated, a defendant can prevail on a *Franks* challenge to a warrant affidavit for omissions of fact only by showing " (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *United States v. Johnson*, 75 F.4th 833, 841 (8th Cir. 2023) (quoting *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015)). As the court recognized in *United States v. Reed*, "reckless disregard requires showing that the officer 'must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information.'" 921 F.3d 751, 756 (8th Cir. 2019) (quoting *Conant*, 799 F.3d at 1200). When a court inquires into recklessness, it will determine whether the omitted facts "would have been clearly critical to the finding of probable cause." *United States v. McIntyre,* 646 F.3d 1107, 1114 (8th Cir. 2011).

As Magistrate Duffy noted, if a *Franks* hearing is conducted, step one requires a determination whether there were falsehoods or material omissions in the affidavit, and step two requires the court to determine whether probable cause remains when the falsehoods or omissions are disregarded. (Doc. 47, PgID 494, 501).

**Determination of Probable Cause**

The standard for probable cause has been articulated many times. *Illinois v. Gates* provides the benchmark as follows: "Probable cause exists when the affidavit sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" 462 U.S. 213, 238 (1983). See also, *Johnson*, 75 F.4th at 842; *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006).

If a possible deficiency in a warrant application indicates probable cause was lacking, ordinarily the good-faith exception to the exclusionary rule applies. *Johnson*, 75 F.4th at 842. In such a case, "under the *Leon* good faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *Id.* (quoting *United States v. Hudspeth*, 525 F.3d 667, 676 (8th Cir. 2008)). See *United States v. Leon*, 468 U.S. 897, 922 (1984). If, however, the affidavit for warrant includes a false statement made knowingly and intentionally or with reckless disregard for the truth and the issuing judge is misled, the officer may not invoke the "good faith" exception to rely on the warrant. *United States v. Proell,* 485 F.3d 427, 431 (8th Cir. 2007). See also *United States v. Houston,* 665 F.3d 991, 995 (8th Cir. 2012)

**ANALYSIS**

Defendant's objections to the Magistrate's Report and Recommendation center on Agent Lautner and his role in obtaining the warrant. (Doc. 55). Before reaching the substantive objections, the Defendant challenges the credentials of Agent Lautner with respect to his ability to handle cybercrime investigations. (Doc. 55, PgID 530; Doc. 46, PgID 450-55). Substantively, Defendant first objects to the ability of Agent Lautner to estimate the age of the person in the relevant photos as a 14–15-year-old male and to Lautner's conclusion that he was the same teenaged male in all of the photos submitted to the issuing judge. (Doc. 55, PgID 459-62). Second, Defendant objects to Agent Lautner's not including the information that the "Wisconsin tip" photo was taken when Defendant was 14 years old. Defendant asserts this means Defendant was the victim involved in that tip and that this affects the determination of probable cause.

Defendant's objections have several subparts which were addressed in cross-examination at the September 6, 2024, hearing. Specifically, Defendant alleges the agent was reckless and misleading in failing to see an alleged scar on the male in one photo [which Lautner said at the hearing he still did not see, (Doc 46, PgID 466)]; concluding all of the photos depicted the same male; basing his estimate on "professional experience" which was deficient; merely guessing at the age of the person depicted; and failing to include in the affidavit that the CyberTip from Wisconsin involved a photo of Defendant when he would have been 14 years old.

Defendant argues the information given to the issuing judge included false and misleading information and without that information, probable cause was lacking. This is particularly important, in Defendant's view, because the issuing judge was not given the photos to personally examine. Defendant concludes that all of the searches were based on the initial reckless and misleading information, requiring suppression of all of the evidence from the four searches.

The Court agrees it was appropriate for Magistrate Duffy to hold a *Franks* hearing, given the allegations that the warrant was based on false or misleading information. At the hearing, she heard testimony from Agent Lautner, examined the photos the Government supplied as Exhibits 2-5 and 7, and heard argument from Counsel. She also had available the information supplied in Doc. 41, 42, 43 and 44. The evidence considered by the Court in reviewing the Magistrate's Report and Recommendation is summarized below.

The investigation into Defendant began with a CyberTip from Dropbox to the National Center for Missing and Exploited children (NCMEC). The tip revealed that the following four files were associated with the email address deondreechols08@gmail.com:

1. IMG_7830.jpg
2. 6a1ac761-a653-4e41-96cc-b8bfddaf5623.jpg
3. 87062bef-de2f-408f-8f4c-c104d500c112.jpg
4. IMG_7824.jpg

9

Agent Lautner sought a search warrant for the Dropbox and Google accounts associated with that email address. In his affidavit he supplied the following descriptions of the files for CyberTip 330 to the issuing magistrate:

> 1. 87062bef-de2f-408f-8f4c-c104d500c112.jpg is an image of a nude pubescent black male, approximately 14 to 15 years of age, exposing his erect penis. The angle of the photograph and subject's arm indicates that the photograph may be self-produced." (Doc. 43, at 26, PgID 294).
>
> 2. IMG_7824.jpg is an image of an exposed and erect penis being pointed at the face of a prepubescent toddler male, who appears to be sleeping. The photograph is taken at a downward angle, with the penis either sitting on the bed next to the toddler's face or being held in the air next to the toddler. . . the physical attributes of the penis lead me to believe the owner, and subject taking the photograph, is the same teenager in 87062bef-de2f-408f-8f4c-c104d500c112.jpg . . . ." (Id.). [At the hearing, the Agent indicated there was a typo added to this information that should be disregarded.]
>
> 3. IMG_7830.jpg is another image of the same erect and exposed penis next to the face of the same toddler as in file IMG_7824.jpg. The photograph again appears to be taken at a downward angle. The physical characteristics of the penis again indicate that the subject is the same teenager from file 87062bef-de2f-408f-8f4c-c104d500c112.jpg. (Id., page 27, PgID 295).
>
> 4. 6a1ac761-a653-4e41-96cc-b8bfddaf5623.jpg is an image of the same teenager from file 87062bef-de2f-408f-8f4c-c104d500c112.jpg. The teenager is nude and appears to be taking the photograph from high over his right shoulder, holding the photo-taking device with his right hand. His erect penis is exposed, and an apparent living room is in the background of the photograph. (Id.).

Agent Lautner's description to the magistrate of CyberTip 482 was as follows:

> IMG_7826.jpg is another image of the same erect penis and toddler from file IMG_7824.jpg. The image appears to have been taken at a slightly different downward angle. The angle still indicates that the image was self-produced.

> The physical characteristics of the penis still lead me to believe the subject is the same teenager as in cybertip 173302330. (Id., page 28, PgID 296).

Agent Lautner added the following to the affidavit:

> There is a previous NDMEC report from 2018, reported by Facebook, using the same email address. That incident used an IP address out of Wisconsin and was forwarded to the presiding law enforcement agency. (Id.).

This information has subsequently been referred to as "the Wisconsin tip."

The Agent added to his affidavit that the images appeared to be in violation of S.D.C.L. § 22-24A-3, Manufacturing, Possession and Distribution of Child Pornography. (Id.). In her Report and Recommendation, the Magistrate noted the statute has subsequently been superseded by S.D.C.L. § 22-24A-35, which made no substantive change relevant to the instant motion. Agent Lautner did not include the photos themselves, as mentioned, and did not include that the "Wisconsin tip" involved Defendant when he was 14 years old and the recipient was a 35 year-old-man.

Although Defendant has challenged Agent Lautner's credentials, the Court is satisfied that his education, training, and experience as a law enforcement officer were sufficient to enable him to investigate the tips concerning child pornography and to prepare the affidavits for search warrants issued in this case. After eight years as an officer in North Carolina, Agent Lautner was hired by the South Dakota Division of Criminal Investigation, where he was assigned to the Internet Crimes Against Children Division for approximately one year prior to his involvement in

11

this case. (Doc. 46, pages 9-10, 25-32). He testified he had worked on approximately 20 cases as lead agent. The Court determines that the Agent's credentials were not deficient for the purposes of the investigation in this case.

At the *Franks* hearing, Agent Lautner admitted that his estimate that the photos depicted a 14–15-year-old male was only an estimate. He agreed it was possible the individual pictured could have been older or younger but reinforced that he "was confident" the person in the photo was a minor. (Doc. 46, page 39, PgID 462). The Agent also testified that the same toddler appeared in three of the photos in close proximity to the nude male. (Doc. 46, pages 22-25, PgID 445-48).

A witness may provide an estimate of age even without "a detailed explanation" of how the person reached that conclusion. *United States v. Krupa,* 658 F.3d 1174, 1178 (9th Cir. 2011) (approving warrant affidavit with statement that photo "appeared to be of a nude 15- to 17-year-old female"); *United States v. Battershell,* 457 F.3d 1048, 1054 (9th Cir. 2006) ("conclusory age estimates" can be permitted without detailed explanation of rationale). The Agent also based his conclusion about the subject's age based on "facial features," "body composition," and [the agent's] "professional experience." (Doc. 46, Page 37, PgID 460). The Court notes that facial features are not visible in all of the photos, given the angles at which the photos were taken, but they are visible in some. (Doc. 42; Doc. 46, Pages 22-23, PgID 445-46). The testimony about facial features, body

composition and professional experience suffice to support the Agent's conclusion that the male pictured was a minor male, approximately 14-15 years old. Failure to include how the Agent arrived at the estimate of the subject's age is not a significant omission in the Court's assessment of probable cause.

Search warrants may issue where the affiant does not include the photos but provides a detailed factual description. *United States v. Mutschelknaus*, 592 F.3d 826, 828-29 (8th Cir. 2010); *United States v. Chrobak*, 289 F.3d 1043, 1045 (8th Cir. 2002). See also *United States v. Gleaves*, 2012 WL 2571177 (N.D. Iowa July 2, 2012). The descriptions quoted above that were included in the affidavit provide sufficient details of the content of the photos as child pornography without supplying the photos themselves to the issuing judge.

The next challenge by Defendant is to the "Wisconsin tip," which does not include information that Defendant was 14 years old when the photo was taken and that the photo was sent to a 35-year-old recipient. Defendant asserts that this information establishes that Defendant was a victim of child pornography and that omitting this information affected the determination of probable cause. The Court disagrees. The information about the Wisconsin tip had little relevance to the determination of probable cause given the description of the contents of the photos described above. Defendant suggests that his being a victim is the sole explanation of the photo in the Wisconsin tip but other explanations are possible as

13

the Magistrate noted.  (Doc. 47, PgID 500-01).  At this stage of the proceedings, the question is whether the omission that Defendant was 14 at the time the Wisconsin photo was taken and sent is material to the determination of probable cause.  The Court finds the information was of little relevance and did not detract from the determination of probable cause.

**CONCLUSION**

The Defendant has not shown by a preponderance that reckless or false statements or material omissions could have affected the determination of probable cause by the judge who issued the warrants.  Defendant's allegations that the Agent's estimate of the age of the male in the photos was unfounded and that the Wisconsin tip was described to the issuing magistrate in a misleading way are unpersuasive.  The Court rejects Defendant's argument that the Agent supplied statements that were false or in reckless disregard of the truth when applying for the search warrants.  The estimate of the age of the person in the photos was reasonable and not reckless or false.  The Wisconsin tip was of little import.  Even if a reviewing court were to determine probable cause was not established, the good faith exception to the warrant requirement would apply.

Accordingly, IT IS ORDERED that:

1. Defendant's objection, (Doc. 55), to the magistrate Judge's Report and Recommendation is overruled;

2.  The Magistrate Judge's Report and Recommendation, (Doc. 47), is adopted

consistent with this order;

3.  Defendant's motion to suppress is denied, (Doc.29);

4.  The evidence gathered pursuant to the search warrants issued in this case is

admissible at trial in the government's case-in-chief;

5.  Trial will commence on November 12, 2024, as scheduled.

Dated this __21st__ day of October, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK